FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 06, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FABIOLA R., on behalf of EAPR, a minor child,<br><br>                      Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                      Defendant. | NO: 1:22-CV-3061-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS |

BEFORE THE COURT, without oral argument, are cross-briefs from Plaintiff Fabiola R.[1], a parent filing on behalf of her minor son, EAPR, ECF No. 10, and Defendant the Commissioner of Social Security ("Commissioner"), ECF No. 14. Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of EAPR's application for supplemental security income

---

[1] The Court uses Plaintiff's first name and last initial to protect her privacy.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 1

1 under Title XVI of the Social Security Act (the "Act") based on childhood disability.

2 *See* ECF No. 10 at 2.  Having reviewed the parties' briefing and the administrative

3 record, the Court is fully informed.  For the reasons set forth below, the Court grants

4 Plaintiff's Motion for Summary Judgment, denies judgment for the Commissioner,

5 and remands for further proceedings.

## BACKGROUND

Plaintiff was born in 2016 at 36 weeks gestation with a congenital pelvic kidney and spent a week in the hospital shortly after birth following a choking incident and testing showing bacteria present in a urine culture.[2]  Administrative Record ("AR") 260–61, 337.[3]  Plaintiff filed a claim for supplemental security income on July 31, 2017.  AR 16, 197.  Plaintiff originally alleged that he has been disabled since June 4, 2016, due to problems with his kidneys, acid reflux, and special diet.  AR 199.  After the application was initially denied, Plaintiff requested a hearing, which was held by Administrative Law Judge ("ALJ") Glenn Meyers from Seattle, Washington, on March 16, 2021.  AR 29.  EAPR was represented by counsel Shane Smith, and Fabiola participated on behalf of EAPR and as a witness.

---

[2] Although EAPR appears through his mother Fabiola R., the Court refers to EAPR as "Plaintiff."

[3] The Administrative Record is filed at ECF No. 8.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 2

AR 29–31.  The ALJ also heard from medical expert Daniel Wiseman, MD.  AR 29, 35–47.

The ALJ issued a decision on March 31, 2021, which became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on March 28, 2022.  AR 2–7, 24.

### The ALJ's Decision

The ALJ found that EAPR was an older infant/toddler on July 31, 2017, the date that Plaintiff filed the application for SSI, and was a preschooler on the date of the decision.  AR 17.  At step one of the sequential analysis, the ALJ found that EAPR had not engaged in substantial gainful activity since the application date.  *Id.*  At step two, the ALJ found that EAPR suffered from several severe impairments: expressive/receptive language disorder and oppositional defiant disorder.  *Id.*  The ALJ found that EAPR's kidney condition and GERD are nonsevere impairments "because there is no evidence they have a functional impact."  AR 17.  The ALJ found that autism is not medically determinable in EAPR's case.  AR 18.  In so finding, the ALJ found the opinion of medical expert Dr. Wiseman more persuasive than the opinion of ARNP Leticia Rodriguez.  AR 18.  The ALJ agreed with Dr. Wiseman that there has not been sufficient information and testing to conclude that Plaintiff has autism.  AR 18–19.

At step three of the sequential analysis, the ALJ found that EAPR's impairments, alone or in combination, do not meet or medically equal the severity of any listing. AR 19. The ALJ considered listing 112.00 (Mental Disorders–Childhood) and reasoned that the "medical evidence does not support a 'marked' or 'extreme' limitation seriously limiting or precluding the claimant's ability to function independently, appropriately or effectively, and on a sustained basis." AR 19. The ALJ further considered whether Plaintiff has an impairment or combination of impairments that are the functional equivalent of any of the listings. AR 19.

The ALJ then assessed EAPR's functioning in the six functional domains and determined that his impairments do not cause marked limitations in two domains or an extreme limitation in at least one domain of functioning. AR 19–23. Therefore, the ALJ concluded that EAPR has not been disabled within the meaning of the Social Security Act since July 31, 2017, the date that the application was filed. AR 23.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing

42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). It is the role of the trier of fact, not the reviewing court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health*

*and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Childhood Sequential Evaluation Process*

To qualify for disability benefits, individuals under eighteen years old must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner is required to use a three-step sequential analysis to determine whether a child is eligible for SSI benefits. 20 C.F.R. § 416.924. First, the ALJ considers whether the child is engaged in "substantial gainful activity." *Id*. at § 416.924(a), (b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id*. at § 416.924(c). Finally, if the ALJ finds a severe impairment, the ALJ must consider whether the impairment "medically equals" or "functionally equals" a disability listed in the regulatory "Listing of Impairments." *Id*. at § 416.924(c)-(d).

To determine whether the child's impairment or combination of impairments meets or medically equals a listing, the ALJ must assess the child's functioning in six functional domains:

(i)   Acquiring and using information;
(ii)  Attending and completing tasks;
(iii) Interacting with and relating to others;
(iv)  Moving about and manipulating objects;
(v)   Caring for yourself; and
(vi)  Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi).

An impairment "functionally equals" a listed impairment if it results in marked limitations in at least two of six functional domains or an extreme limitation in at least one domain. 20 C.F.R. § 416.926a(a). A marked limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id*. at § 416.926a(e)(2). An extreme limitation "interferes very seriously" with those abilities. *Id*. at § 416.926a(e)(3). In assessing whether the claimant has "marked" or "extreme" limitations, the ALJ must consider the functional limitations from all medically determinable impairments, including any impairments that are not severe. *Id*. at § 416.926a(a). The ALJ must also consider the interactive and cumulative effects of the claimant's impairment or multiple impairments in any affected domain. *Id.* at § 416.926a(c).

**ISSUES ON APPEAL**

The parties' motions raise the following issues regarding the ALJ's decision:

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 7

1. Did the ALJ err by not properly assessing EAPR's autism?
2. Did the ALJ erroneously assess the medical opinions?
3. Did the ALJ err by improperly assessing the domains?
4. Did the ALJ erroneously assess the testimony of EAPR's mother, Fabiola?
4. Did the ALJ erroneously fail to fully and fairly develop the record?

## DISCUSSION

*Autism*

Plaintiff argues that the ALJ committed a reversible error by finding that autism is not a medically-determinable impairment for Plaintiff. ECF No. 10 at 3–4. Plaintiff asserts that the ALJ's reasoning that no provider diagnosed Plaintiff with autism is erroneous because a diagnosis is not the measure of a medically-determinable impairment, and "ARNP Rodriguez explicitly stated EAPR had impairments in social interaction, social communication, and atypical behaviors consistent with autism spectrum disorder, included the checklist to find the criteria met, and gave an opinion listing the autism diagnosis." *Id.* at 4 (citing AR 18–19, 447–49, and 452). Plaintiff argues that the ALJ's assessment of EAPR's autism is not harmless. *Id.* at 6.

The Commissioner responds that the ALJ relied on substantial evidence in the form of Dr. Wiseman's testimony and accurately found that Dr. Wiseman had declined to support a diagnosis of autism. ECF No. 14 at 4–6 (citing AR 23, 37–42). The Commissioner further argues that ARNP Rodriguez identified concerns about

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 8

1  EAPR's development in some areas but did not diagnose EAPR with autism and
2  recorded that there was "[n]o diagnosis found." *Id.* at 6 (citing and quoting AR 18,
3  437–38).
4        At step two, an ALJ must determine if the claimant has a "severe" medically-
5  determinable impairment or combination of severe medically-determinable
6  impairments. 20 C.F.R. § 416.924(a). A claimant bears the burden of showing a
7  medically "severe impairment" or "combination of impairments." *Barnhart v.*
8  *Thomas*, 540 U.S. 20, 24 (2003). However, the claimant's burden is not heavy, as
9  step two is a "de minimis screening device to dispose of groundless claims." *Smolen*
10 *v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *see also Webb v. Barnhart*, 433 F.3d
11 683, 687 (9th Cir. 2005). As long as the claimant produces some evidence of an
12 impairment, the Commissioner may conclude that the impairment is non-severe only
13 where the medical evidence "establishes only a slight abnormality or combination of
14 slight abnormalities which would have no more than a minimal effect on an
15 individual's ability to work." SSR 85-28, 1985 SSR LEXIS 19, at *7–8, 1985 WL
16 56856, at *3 (1985).
17       If a claimant satisfies step two's de minimis standard, an ALJ "*must* find that
18 the impairment is 'severe' and move to the next step" in the five-step evaluation.
19 *Edlund v. Massanari*, 253 F.3d 1152, 1160 (9th Cir. 2001) (emphasis in original).
20 An ALJ's error at step two is not reversible if the ALJ resolves step two in
21

claimant's favor and otherwise properly accounts for Plaintiff's limitations.  *See Buck v. Berryhill*, 869 F.3d 1030, 1048–49 (9th Cir. 2017).

ALJ Meyers resolved step two in Plaintiff's favor by finding that Plaintiff has severe, medically-determinable impairments in the form of expressive/receptive language disorder and oppositional defiant disorder.  AR 17.  However, ALJ Meyers further found at step two, in relevant part, that autism is not a medically-determinable impairment and reasoned that "no provider has made this diagnoses [sic] based on appropriate testing."  AR 18.  ALJ Meyers discussed ARNP Rodriguez's evaluation and Dr. Wiseman's opinion testimony.  AR 18–19.

While the Commissioner contests the formality of Plaintiff's autism diagnosis, for purposes of step two, Plaintiff presented evidence that Plaintiff's impairments are consistent with a diagnosis of autism spectrum disorder.  AR 447.  As the Commissioner observes, ARNP Rodriguez evaluated Plaintiff on August 25, 2020, and indicated in her clinical notes, under "Diagnostic Impression," "No diagnosis found."  AR 437.  However, the remainder of ARNP Rodriguez's clinical notes indicate that she did diagnose Plaintiff with autism spectrum disorder at the time of her evaluation.  For instance, ARNP Rodriguez wrote that she "discussed [with Plaintiff's mother] diagnosis of autism spectrum disorder" and provided her an "Autism Speaks 100 days tool kit for newly diagnosed families[.]"  AR 437.  ARNP Rodriguez further wrote that she recommended to Plaintiff's mother that the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 10

1  "[f]amily may benefit from an autism coach and consultant visit" and informed

2  Plaintiff's mother that she was prescribing participation in an Applied Behavior

3  Analysis therapy day program" for EAPR.  AR 437.  ARNP Rodriguez recorded in

4  her clinical notes her application of the DSM-V to EAPR and discussed how EAPR

5  met each element of that diagnosis.  AR 437–40.

6        On September 8, 2020, ARNP Rodriguez wrote in a "Prescription for Applied

7  Behavioral Analysis" that EAPR "demonstrated impairments in social interaction,

8  social communication, and atypical behaviors and impairments that are having an

9  adverse impact on his development and communication as documented on

10  evaluation from 8/25/2020."  AR 447.  ARNP Rodriguez added that "[t]his includes

11  severe behaviors and/or functional impairments that interfere with [EAPR's]'s

12  ability to participate adequately in the home, school, or community environments,

13  and/or the health and safety of [EAPR] or others are at significant safety risk."  AR

14  447.  On the same prescription form, ARNP Rodriguez again indicated that Plaintiff

15  meets the DSM-V criteria for autism spectrum disorder, with a language impairment

16  but marked that it is unknown wither Plaintiff also as an intellectual impairment.

17  AR 448–49.

18        On a domain statement form that ARNP Rodriguez completed on October 14,

19  2020, ARNP Rodriguez again indicated that Plaintiff had a "diagnosis" of autism

20  spectrum disorder, speech delay, sensory processing difficulty, and disruptive

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 11

1  behavior." AR 451–52. ARNP Rodriguez added in the prognosis section: "ASD

2  diagnosis is permanent, [sic] only time will tell if interventions will improve

3  behaviors and core impairments." AR 451–53. ARNP Rodriguez opined to extreme

4  limitations in five of the six domains and a marked limitation in the remaining

5  domain. AR 451–53.

6  Despite the above-cited records, the ALJ relies entirely on the "no diagnosis

7  found" notation, and the lack of diagnosis from other clinicians, to find that autism

8  was not a diagnosed, medically-determinable impairment. *See* AR 18–20, 22–23.

9  Having already found autism to not be medically determinable at step two, the ALJ

10  did not discuss ARNP Rodriguez's statements as a medical opinions, and found that

11  Plaintiff is not limited in any domain. AR 22–23.

12  The ALJ does not discuss what a "diagnostic impression" is or why the "no

13  diagnosis found" notation by ARNP Rodriguez in that initial section of her clinical

14  notes overcomes the numerous subsequent references to an autism spectrum

15  diagnosis and Plaintiff's satisfaction of the DSM-V criteria for autism spectrum

16  disorder. AR 18, 20. If the notation was unclear to the ALJ, he could have

17  developed the record for clarification. *See Churi M. v. Comm'r of Soc. Sec.*, Case

18  No. C20-403-MAT, 2021 U.S. Dist. LEXIS 14541, *10 (W.D. Wash. 2021) ("If

19  further clarification from [the rheumatologist who had not settled on a diagnosis for

20  Plaintiff's shoulder pain] was necessary, the ALJ should have requested it. On

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 12

1 remand, the ALJ should more fully consider the applicability of [the
2 rheumatologist's] findings at step two."). In sum, a sole, ambiguous notation of "no
3 diagnosis found" is not substantial evidence supporting the ALJ's sweeping
4 disregard of other evidence pertaining to autism in Plaintiff's record and of ARNP
5 Rodriguez's opinion. *See Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (the
6 threshold for substantial evidence is "more than a mere scintilla, meaning "such
7 relevant evidence as a reasonable mind might accept as adequate to support a
8 conclusion.").

9     In light of the de minimis standard at step two and the repeated references in
10 the record to Plaintiff meeting the criteria for autism spectrum disorder, the ALJ
11 erred by assessing autism as not able to be medically determined and by discounting
12 ARNP Rodriguez for being inconsistent about whether she diagnosed autism. *See*
13 SSR 85-28, 1985 SSR LEXIS 19, at *7–8. In this case, the error was not harmless,
14 as the ALJ did not consider autism even as a nonsevere impairment at the
15 subsequent steps, did not provide any reasoning for disregarding ARNP Rodriguez's
16 opinion about Plaintiff's domain limitations, and found that Plaintiff is not limited in
17 any domain.

18     Having found reversible error at step two and in the treatment of the evidence
19 from ARNP Rodriguez, the Court need not address the remaining issues raised by
20 Plaintiff's Motion for Summary Judgment. As Plaintiff identifies issues that still
21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 13

must be resolved on remand, the Court follows the default course of remanding to the agency for additional investigation and explanation. *See* ECF No. 15 at 10–11; *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision contains a legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED**.

2. Defendant the Commissioner's Brief, **ECF No. 14**, is **DENIED**.

3. The decision of the Commissioner is **REVERSED**, and this matter is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Order.

4. Judgment shall be entered for Plaintiff.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close the file** in this case.

**DATED** July 6, 2023.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 14